In the Matter of the Application of ROBERT D. DUKE for Admission to the Bar. (From the State of Georgia.) — Application granted. Present — Lazansky, P. J., Young, Kapper, Hagarty and Carswell, JJ.

BAYUK CIGARS, INC., Appellant, v. CHARLES H. BUCKMEIER, and ANNA BUCK-MEIER, Respondents.— Order denying motion for an order fixing wage of judgment debtor affirmed, with ten dollars costs and disbursements. We are of opinion that upon the facts disclosed in the record there does not exist between the third party and the judgment debtor the relationship of employer and employee upon which may be predicated an implied contract to pay the reasonable value of the services. Lazansky, P. J., Rich, Young, Hagarty and Scudder, JJ., concur.

MARGARET BITTEL, Respondent, v. VINCENZO MAZZOLA, Defendant, and THOMAS J. OWENS, Appellant.— Judgment and order unanimously affirmed, with costs. In our opinion the conduct of counsel for defendant Owens in cross-examining witnesses for defendant Mazzola and in presenting defendant Owens' case, together with the uncontradicted statement of plaintiff's counsel, made at the close of defendant Mazzola's case, that defendants had agreed that one or the other was negligent and that they would fight it out between them, indicates that defendant Owens intended to contest the question of negligence with his codefendant irrespective of the fact that plaintiff's story generally coincided with his. As between the defendants, liability has been thrust by the jury on defendant Owens. Present — Lazansky, P. J., Young, Kapper, Seeger and Scudder, JJ.

ROBERT DRAVECKA, Respondent, v. CHARLES A. STONEHAM and ROSS F. ROBERT-SON, as Partners, Trading under the Firm Name of CHARLES A. STONEHAM & CO., and Individually, Appellants, and ERNEST H. CLARKE, Trading under the Name of E. H. CLARKE & Co., and Individually, and All of Said Individuals Jointly and Severally, Defendants.— Order granting motion for issuance of commission modified by directing payment of expenses thereof, including traveling expenses of defendants' counsel and of his expenses while attending the hearings under the commission, said amounts to be determined by the court upon two days' notice, and of an allowance of $100 to said counsel for each day's attendance before the commission throughout the process of the hearings, such payments to be made by plaintiff within ten days after the filing of the testimony taken pursuant to said commission; instead of providing, as in the order, that the expenses and allowances be paid to plaintiff's counsel. As so modified, the order is affirmed, with ten dollars costs and disbursements to appellants. Of course, plaintiff is not precluded from presenting the assignors upon the trial of the action in lieu of the commission. Lazansky, P. J., Kapper, Hagarty, Seeger and Scudder, JJ., concur.

PATRICK CALLAHAN, Respondent, v. ANNIE ELIZABETH RASMUSSEN, Appellant.— Judgment, and order denying motion for new trial, reversed upon the law and the facts and new trial granted, costs to abide the event, upon the ground that the verdict, based upon the claim that defendant authorized her husband to sign the notes in question and to bind her thereon, was against the weight of the credible evidence. Lazansky, P. J., Kapper, Hagarty, Seeger and Scudder, JJ., concur.